UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
UMBERTA DAY, an individual, on behalf of :
herself and all others similarly situated, :
:  **MEMORANDUM**
Plaintiff, :  **DECISION AND ORDER**
:
-against- :  09 Civ. 0495 (BMC)
:
ALLIED INTERSTATE, INC., :
:
Defendant. :
:
---------------------------------------------------------------- X

**COGAN**, District Judge.

This putative class action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") is before the Court on defendant's motion to dismiss. The motion is based on the face of the complaint and the collection letter referred in and appended to it, and the parties have agreed to proceed by letter motion and opposition.

There is no dispute that defendant's collection letter contained the required validation notice under 15 U.S.C. § 1692g(a). Instead, this is an "overshadowing" case in which plaintiff contends that the notice was rendered unclear by another part of the letter. That part of the letter consists of a payment coupon at the top of the letter, which, like many bills and collection notices, could be separated from the rest of the letter at a perforated line and returned, with a check, in an enclosed envelope. The payment coupon, like most payment coupons, identifies the address of the creditor, states the amount due, identifies the payee for any check the debtor writes, and instructs the debtor to write his or her social security number on the check.

Plaintiff cites no particular language in the payment coupon that she alleges overshadows or contradicts the validation notice. Rather than relying on the language of the payment coupon,

plaintiff's argument is that including a payment coupon with a validation notice in and of itself creates an overshadowing or contradiction on the face of the letter.

Plaintiff's argument relies on the assumption that the coupon is a demand for immediate payment. She cites Matthews v. First Revenue Assurance, L.L.C., No. 00 c 3711, 2001 WL 864272 (N.D. Ill. July 31, 2001), for that proposition. However, the first line in the Matthews decision noted that the first line in the collection letter there at issue indicated: "THIS IS A DEMAND FOR PAYMENT IN FULL." Id. at *1. In addition, the text of the letter referred to the payment coupon and requested that the debtor submit payment "or contact our office *today* to set up an autopay for immediate credit to your account." Id. (emphasis added). The letter here at issue said nothing about demanding payment or immediate performance.

A payment coupon is just a convenience in case the debtor wants to settle the debt. The convenience may subtly encourage a debtor to make a payment on a debt she believes is due, but it does not in any way contradict the validation notice advising the debtor of her right to dispute the debt within 30 days, as long as the validation notice is plainly stated. I therefore agree with defendant that this case is more like Omogbeme v. Risk Management Alternatives, Inc., No. 01 CV 7293, 2003 WL 21909773 (E.D.N.Y. Aug. 4, 2003), which also involved a payment coupon. Plaintiff correctly points out that the Court's decision there was not based on the coupon itself; instead, the letter contained an offer to discount and settle the debt at a specified amount if payment was made immediately, and the payment coupon provided for payment of that amount. But plaintiff misses the point. If, as the Court held, an offer to immediately settle and pay the debt coupled with a payment coupon does not overshadow the right to dispute the debt, then quite clearly a payment coupon by itself does not either.

Moreover, as the Second Circuit has recently confirmed, there is nothing wrong with demanding payment of the debt at the same time the validation notice is given. See Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 90 n.4 (2d Cir. 2008) ("Our cases recognize the debt collector's right to demand payment, even within the thirty-day period, unless the customer submits a notice of dispute."). Only if the demand for payment obscures the right to dispute the debt within 30 days is an issue of "overshadowing" raised. Id. at 91-92. The mere inclusion of the payment coupon here could not confuse the least sophisticated consumer about her right to dispute the debt when that right is so clearly articulated directly below the payment coupon, and the payment coupon itself says nothing about any obligation on the part of the debtor to use it.

Finally, I note that plaintiff has asked not only that defendant's motion be denied but that the parties proceed with the case management plan to which they had previously agreed. I take that to be a request for discovery. I inquired of plaintiff's counsel at a status conference in this matter as to what discovery he might need, and counsel was unable to articulate any basis for discovery either there or in opposing defendant's motion. This case is based on what plaintiff contends is a facial contradiction in the notice itself; it is not one of those FDCPA cases that alleges an inconsistency because the debt collector's stated intent in the collection letter did not match its actual intent, as to which discovery could be relevant. Compare Berger v. Suburban Credit Corp., No. 04 CV 4006, 2006 WL 2570915, at *7 (E.D.N.Y. Sept. 5, 2006) (granting plaintiff's motion for summary judgment and holding that debt collector violated FDCPA by sending a letter which contained language that threatened action defendant never intended to take). There is therefore no basis for discovery.

## CONCLUSION

Defendant's motion to dismiss is granted and the complaint is dismissed. The Clerk of the Court is directed to enter judgment.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
April 27, 2009